## Brown *vs* Foree, &c.

### APPEAL FROM THE SHELBY CIRCUIT.

*Fraud.    Vendor.    Vendee.    Fraudulent sales.*

The present Chief Justice delivered this opinion on the 31st October, 1846, a few days before the end of the term, it was suspended until the — July, 1847, when the suspension was removed.

**TRESPASS.**

*Case 98.*

THIS action of trespass was brought by Brown to recover damages, for taking under several attachments against D. R. Johnston, divers articles of personal property which Johnston had sold and conveyed to him together with his farm, crop, stock, &c. &c.

The first and third instructions assert, in effect, that if a purchaser of property from an indebted vendor, knows at the time of his purchase, that the vendor makes the sale with the intent of thereby hindering or delaying any of his creditors from making their debts by execution, or of delaying them in the regular course of collecting their

*Case stated.*

*The fact that a vendee of property has a knowledge that the vendor, by the sale of the property, intends to hinder, delay or defraud all or any of his credi-*

Brown
vs
Foree, &c.
_____

tors, is not con-
clusive that the
vendee had *an
intent* to aid the
vendor in de-
frauding his
creditors, and
render the sale
fraudulent and
void.

debts by law, such knowledge furnishes conclusive evi-
dence of fraud in the vendee, and makes his purchase
void, although he may actually pay a full consideration
for the property. But the debtor himself, though he re-
sorts to a sale for the purpose of hindering and delaying
some of his creditors, may intend it as a means of pay-
ing others; and if this be so, or if the vendee has rea-
sonable grounds for supposing it to be so, the mere
knowledge that the vendor intends to hinder and delay
some of his creditors, cannot establish, or at least cannot
conclusively prove as against him any fraudulent intent.
If a sale is made with the fraudulent intent on the part of
the debtor of thereby placing both his property and its price
out of the reach of his creditors, and of thus defeating
them in the collection of their debts, it would be difficult
to avoid the conclusion, that if the purchaser, being under
no necessity to purchase, knew of this fraudulent intent,
and made the purchase without taking any means to pre-
vent its effectuation, he must be regarded as having par-
ticipated in it.

But on the other hand, the fact, if absolutely certain,
that the purchaser actually pays out of his own means,
and irrevocably, a full consideration for the property, and
especially when he secures a considerable portion of it to
the payment of the vendor's debts, in some of which he
is himself bound as surety, furnishes also a strong ground
for viewing in a favorable light his participation in the
transaction; and although it may not of itself absolutely
repel the inference of fraud, arising from his knowledge
of the vendor's intent, it has a tendency to repel it, and
should, with other circumstances, be left to the jury which
is to determine the question of fraud. At any rate, the
certainty of a fact which so strongly indicates good faith
on the part of the purchaser, should require satisfactory
proof of the opposing fact of knowledge of the fraud,
before this last fact should be taken to establish his con-
currence in the fraudulent intent. And if it can be fair-
ly assumed, upon all the circumstances, that instead of
expecting and intending that the price paid by him will
be withheld from creditors, he expected it to be paid to
them, and did not make the purchase in order to defeat

—But when the
vendee actually
pays out a full
and fair price for
his purchase, a
considerable por-
tion of which
goes to discharge
the vendor's
debts for which
vendee is surety,
these facts fur-
nish strong evi-
dence for the
conclusion that
the *intent* of the
vendee was his
own security,
rather than to de-
fraud the credi-
tors of the ven-
dor. These facts
should be left to
the jury to aid
them in deter-
mining the *intent*
of the vendee in
the purchase.

them, he should not be implicated in the fraud on the ground that he may perhaps have known of the vendor's intent, and made the purchase without sufficiently guarding against it. Men too often neglect the precautions necessary for the protection of their own immediate interests, to allow of the establishment of a principle which, in so common a transaction as that of a sale of property, would make the failure of the purchaser to impose positive and effectual guards against the possible or even probable misapplication of the price which he is paying, conclusive evidence of his concurrence in the apprehended injury to third persons. It would be too great a restriction upon the common business and traffick of men, if every or any purchase, from a debtor is to be conclusively invalidated whenever, and because a jury may afterwards, upon such view of the subject as may be presented to them, and upon comparison of probabilities, be authorized to infer that the purchaser probably knew or ought to have known that the vendor intended to defraud his creditors. These observations apply with increased force, when there is a doubt also as to the fraudulent intent of the vendor himself.

The true question in such cases is, with what motive and for what purpose did the parties make the transaction? Did the vendor make the sale with intent to defraud his creditors and as a means of doing so? Did the vendee make the purchase with intent to defraud the creditors of the vendor and as a means of aiding in the accomplishment of his purpose? We do not deny, but admit that when the fraudulent intent of the vendor and the vendee's knowledge of that intent are established, these facts, if unopposed, will authorize the conclusion that in making the purchase without protecting the interests of the creditors, the vendee gives such evidence of his concurrence in the fraudulent intent and injurious effect of the sale, as is sufficient to establish the fraud even as against him. But the question is as to his own actual intent. It is a question of fact, and is the main fact in the issue. And although it may be inferred from the other facts just stated, yet as there may be, and indeed always are other, and in different cases varying facts bearing

*The *intent* to defraud, by a sale of property, the creditors of the vendor and vendee, must exist with the vendee as well as with the vendor, and the sale be the means of carrying that fraudulent intent into effect. The fact of the knowledge on the part of the. vendee of the vendor's *intent,* is not always conclusive evidence of the participation of the vendee in that *intent.*

Brown
vs
Foree, &c.

upon the question of intent, it is inconsistent with the principles which should regulate the investigation of mere facts and the free inquiry after truth, to make one single fact, viz: the vendee's knowledge of the vendor's fraudulent intent, conclusive evidence of a similar intent on his part. This would be to change the issue, to stop in the inquiry before its real end is attained—to make a probable conclusion as to a preliminary fact absolutely decisive of the main fact in question. We think the two instructions were erroneous in requiring the jury to base a verdict against the validity of the sale, upon their belief of the single fact of the vendee's knowledge that the vendor made the sale with the intent to hinder, delay or defraud any of his creditors, or all of them, if the instructions refer to all. The policy of the law has made one fact, viz: the vendor's continuance in possession in opposition to the terms and nature of an absolute sale, conclusive evidence of fraud in both parties. But the fact of the vendee's knowledge of the vendor's fraudulent intent, does not come within the same principle or policy. And regarding it only as a fact tending more or less strongly to prove a fraudulent intent in the vendee, it should be left to the jury with other facts, and with the liberty of determining from all the circumstances, the actual intent of the vendee and the true character of the transaction.

The fourth instruction is, in our opinion, misleading and erroneous. The actual payment of the full value of the property being proven, and there being no evidence in this record from which it can be inferred, either that the vendor was to hold the price for the use of the vendee, or that the vendee was to hold the property for the use of the vendor, except so far as a small portion of the personal property as referred to in the second instruction may have remained in possession of the vendor's wife, the daughter of the vendee, the jury were not authorized to find on this fact alone, any reservation of general use to the vendor, as affecting the fairness and sufficiency of the consideration. The fact that a father purchasing all the property of his son-in-law, permits a small portion of it to remain in the house and for the use of his daughter,

though it may be, in point of law, conclusive of the void-ness of the sale, to the extent of the property thus remaining in possession of the vendor and his family, cannot determine conclusively and as to other property, the question of fact whether the vendee, in making the purchase, intended to defraud the creditors of the vendor or to aid him in the accomplishment of that object. Such a fact with regard to the possession, was not of itself and without regard to the other facts of the case, sufficient to require the conclusion that the whole sale was fraudulent and void.

If the second instruction was intended to authorize the jury to find the sale fraudulent, *per se*, and therefore void as to any of the personal property but that which remained in the use of the vendor and his family after the sale, the remarks just made upon the fourth instruction are applicable to the second, and show that in our opinion, it was misleading and erroneous. It is a harsh rule of law which declares a sale absolutely fraudulent and void merely on the ground that the vendee, with whatever motive, leaves the possession with the vendor, and it should not be extended beyond the property actually so left. Beyond this the fact should be regarded as evidence only, and to have such weight as the jury under all the circumstances, may think it entitled to.

Wherefore, the judgment is reversed and the cause remanded for a new trial in conformity with this opinion.